**JON FALLON, ESQ. (JF2851)**
**MANDELBAUM SALSBURG P.C.**
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X

GARY'S AUTO INSURANCE AGENCY, LLC;

    Plaintiff,

  v.

INSURANCESTEP.COM;
GEICO;
eSURANCE INSURANCE SERVICES, INC.;
NATIONWIDE INSURANCE;
ALLSTATE INSURANCE COMPANY;
STATE FARM INSURANCE;
PLYMOUTH ROCK ASSURANCE CORP.;
LIBERTY MUTUAL INSURANCE;
JOHN SMITH, an individual; and
ABC COMPANIES;

    Defendants.

-----------------------------------------------------------X

**Civil Action No.:** _____

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 2 of 18 PageID: 2

*GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.*
*Complaint and Demand for Jury Trial*                    *Electronically filed via ECF*

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Gary's Auto Insurance Agency, LLC (hereinafter "Gary's"), by and through its counsel, Jon Fallon, Esq., of Mandelbaum Salsburg, P.C., complain against Insurancestep.com ("Insurancestep"), Geico ("Geico"), eSurance Insurance Services, Inc. ("eSurance"), Nationwide Insurance ("Nationwide"), Allstate Insurance Company ("Allstate"), State Farm Insurance ("State Farm"), Plymouth Rock Assurance Corp. ("Plymouth"), Liberty Mutual Insurance ("Liberty"), John Smith, an individual, and ABC Companies (collectively, "Defendants"), and alleges upon knowledge as to itself and otherwise upon information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for (1) Unfair Competition under 15 U.S.C. § 1125(a); (2) False Designation of Origin under 15 U.S.C. § 1125(a); (3) Cybersquatting under 15 U.S.C. § 1125(d); (4) Trademark Infringement under New Jersey Common Law; (5) Unfair Competition under New Jersey Common Law; and (6) Tortious Interference with Prospective Economic Advantage under New Jersey Common Law.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over all causes of actions set forth herein based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to the supplemental jurisdiction of this Court for all non-federal causes of action under 28 U.S.C. § 1367.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 3 of 18 PageID: 3

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
Complaint and Demand for Jury Trial                                         Electronically filed via ECF

3. This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, (a) each Defendant having numerous business relations within the state of New Jersey, and conducting regular and continuous business transactions therewith, giving it the requisite minimum contacts with the state required to be subject to jurisdiction therein; (b) commission of tortious acts by all Defendants within the State of New Jersey and within this Judicial District; and (c) regular and continuous transaction of business, including the tortious acts complained of herein, within the State of New Jersey and within this Judicial District.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES TO THE COMPLAINT**

5. Plaintiff Gary's Auto Insurance Agency, LLC is a New Jersey Limited Liability Company, with its principal place of business at 618 West St. Georges Avenue, Linden, NJ 07036.

6. Defendant Insurancestep.com is a company, having an unknown corporate address, conducting regular business operations in the State of New Jersey.

7. Defendant Geico is a corporation, having a primary office at 1 Geico Plaza, Washington, DC 20076, and having numerous offices throughout New Jersey.

8. Defendant eSurance is a corporation having a primary office at 650 Davis St, San Francisco, CA 94111, and having numerous offices throughout New Jersey.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 4 of 18 PageID: 4

*GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.*
*Complaint and Demand for Jury Trial*                                               *Electronically filed via ECF*

9. Defendant Nationwide is a corporation having a primary office at 888 High Street, Worthington, OH 43085, and having numerous offices throughout New Jersey.

10. Defendant Allstate is a corporation having a primary office at 2775 Sanders Road Northbrook, IL 60062, and having numerous offices throughout New Jersey.

11. Defendant State Farm is a corporation having a primary office at 1 State Farm Plaza, Bloomington, IL 61710, and having numerous offices throughout New Jersey.

12. Defendant Plymouth is a corporation having a primary office at 695 Atlantic Ave., Boston, MA 02111, and having numerous offices throughout New Jersey.

13. Defendant Liberty is a corporation having a primary office at 175 Berkeley Street, Boston, MA 02116, and having numerous offices throughout New Jersey.

14. Defendant John Smith is a fictitious individual whose present identify and address are unknown, who has also violated Plaintiff's rights as set forth herein, or who assisted, conspired, or otherwise cooperated with the other Defendants in the acts complained of herein.

15. Defendants ABC Companies are fictitious entities whose present identity and address is unknown, who have also violated Plaintiffs' rights as set forth

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 5 of 18 PageID: 5

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
Complaint and Demand for Jury Trial                                    Electronically filed via ECF

herein, or who assisted, conspired, or otherwise cooperated with the other Defendants in the acts complained of herein.

**BACKGROUND**

16. On or about January 2000, Mr. Gary Poller, principal of Plaintiff, filed for a New Jersey State limited liability company registration of a new insurance business, under the name "Gary's Auto Insurance Agency, LLC."

17. Plaintiff Gary's is in the business of providing consumers auto and truck insurance as a licensed insurance broker. Gary's conducts such business in every county in New Jersey, as well as for persons outside of the state of New Jersey.

18. Since its formation, Plaintiff has utilized the name GARY'S (the "Mark") as its brand identity, garnering significant acquired distinctiveness in the State of New Jersey, and in numerous other states where Plaintiff regularly conducts business. In view of Plaintiff's use of its Mark, and its efforts to strengthen its Mark, Plaintiff's Mark has become a valid and protectable trademark under federal, state and local laws.

19. Through community involvement, advertising and charitable work, Gary's, and its principal and employees, have earned a stellar reputation in New Jersey for both the quality of their services, and their dedication to the community. Plaintiff spends substantial amounts of money annually on promotional materials for its business, including general marketing and advertising, corporate gifts, corporate sponsorships and the like.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 6 of 18 PageID: 6

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
Complaint and Demand for Jury Trial                              Electronically filed via ECF

20. As part of its marketing efforts, in 2008, Gary's acquired a website at the URL, www.garysautoinsurance.com (the "Website"), and since its acquisition Gary's has utilized such website to market its services, enable customers to contact Gary's for insurance quotes, and promoting its brand identity through the internet.

21. Gary's spends significant money annually on third party search engine optimization (SEO) services, to ensure its customers can find Gary's when searching for it on Google, Bing, Yahoo! or any other commercial search engine.

22. For over five years, Gary's has utilized its website and the business garnered therethrough, as a substantial source of income to run and grow its operations.

23. In early 2013, Gary's noticed its revenues from online sales were beginning to decline, and a significant number of consumers were coming into Gary's' offices with printouts for online quotes for insurance with Gary's name and the Mark on the printout. However, such quotes were never given from Gary's' Website.

24. Upon investigation, by entering its own Mark "Gary's" into a search engine, along with terms such as "insurance," and the city of its principal office, "Linden," Gary's discovered that one of the first results on the search engine produced several links to pages operated by Defendant Insurancestep.com, having the URL, http://gary.insurancestep.com (the "Infringing Page").

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 7 of 18 PageID: 7

*GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.*
*Complaint and Demand for Jury Trial*                                          *Electronically filed via ECF*

25. Upon clicking the link to the Infringing Page, a website is displayed with the name "GARY INSURANCE AGENCY" on the top of the page and a generic appearing online quote submission link in the center of the page. *See Exhibit 1*.

26. Upon information and belief, Defendant Insurancestep has no plausible basis for using the Mark and displaying Gary's' name across the top of its webpages, but for, an intentional and willful effort to cause confusion in the marketplace.

27. After completing the insurance quote submission inquiry on the Infringing Page, Gary's was offered insurance products from all of the Defendants.

28. Furious at learning its name was being misappropriated by so many highly respected insurance companies, Gary's reached out to each of the Defendants to notify them that they must shut down their operations with Insurancestep, to the extent they profited from the use of the Mark, in connection with the Infringing Page.  Despite being aware of their company's benefit from the Infringing Page, none of the Defendants would agree to remove their association from it.

29. As a further effort, Gary's reached out to the New Jersey Department of Banking and Insurance to gain state assistance in shutting down the Infringing Page; however, Gary's was told to raise this issue in a civil legal proceeding as that is the proper forum to correct Defendants' acts of trademark infringement.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 8 of 18 PageID: 8

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
Complaint and Demand for Jury Trial                                    Electronically filed via ECF

30. On a regular basis, Gary's has customers walking into its primary office with printouts from the Infringing Page, believing it was Gary's granting them an insurance quote. Many of such disappointed customers accuse Gary's of falsifying its online insurance quotes, and some have even caused business disruption due to overreaction from feeling swindled.

31. Since learning of the Infringing Page, Gary's estimates its gross lost profit due to the lost customers caused by the Infringing Page to be upwards of at least $800,000.

# FIRST CAUSE OF ACTION

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

31. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. Defendants knowingly and willfully have used and continue to use the name, GARY AUTO INSURANCE, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with the Mark, in the State of New Jersey, and across numerous other states where Plaintiff and Defendants conduct business.

33. Defendants have solicited business using the name GARY AUTO INSURANCE, despite its knowledge that Plaintiff owns and controls the lawful use of the Mark.

34. These acts by Defendants constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 9 of 18 PageID: 9

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
*Complaint and Demand for Jury Trial*                                     *Electronically filed via ECF*

35. As a result of Defendants' actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

36. Paragraphs 1 through 35 are realleged and incorporated herein by reference.

37. As a result of Plaintiff's widespread and long-standing use of its Mark, the Mark has achieved substantial goodwill, recognition and reputation throughout the United States.

38. Defendants' unauthorized use of the name GARY AUTO INSURANCE constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants with Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendants' use of the name and their website.

39. These acts by the Defendants constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 10 of 18 PageID: 10

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
Complaint and Demand for Jury Trial                                    Electronically filed via ECF

40. As a result of Defendants' actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## THIRD CAUSE OF ACTION

## CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)

41. Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42. Plaintiff's Mark is distinctive as defined by 15 U.S.C. § 1125.

43. The URL for the Infringing Page has a dominant portion that is substantially identical to and indistinguishable from the Mark, and therefore, Defendants' domain name is confusingly similar to Plaintiff's Mark under 15 U.S.C. § 1125(d)(1)(A)(ii)(I).

44. Defendants' registration and use of the Domain name violates the Lanham Act's Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

45. Defendants' actions were conducted in bad faith and designed to profit from use of Plaintiff's Mark.

46. Defendants have no rights or legitimate interest in the Domain, and Defendant has no non-bad faith connection with the Domain, as Defendants' name itself was adopted in bad faith.

47. Defendants have and intended to improperly divert internet customers from Plaintiff's web site to Defendant's website at the Domain.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 11 of 18 PageID: 11

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
Complaint and Demand for Jury Trial                                    Electronically filed via ECF

48. Defendants' actions harm the goodwill of Plaintiff, tarnish Plaintiff's reputation and Mark, and creates a likelihood of confusion as to the source, sponsorship, affiliation and endorsement of Defendants' web site by Plaintiff.

49. By virtue of these acts by the Defendants, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendant are preliminarily and permanently enjoined by this Court from using their domain names to infringe Plainiff's Mark, and are ordered to transfer ownership of the Domain, as well as any others that may be discovered to be similarly infringing to Plaintiff.

## FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER NEW JERSEY COMMON LAW

50. Paragraphs 1 through 49 are realleged and incorporated herein by reference.

51. Plaintiff's Mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the Mark, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

52. Defendants knowingly and willfully have used and continue to use the name, GARY AUTO INSURANCE, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with the Mark, in the State of New Jersey, and across numerous other states where Plaintiff and Defendants conduct business.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 12 of 18 PageID: 12

*GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.*
*Complaint and Demand for Jury Trial*                                   *Electronically filed via ECF*

53. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of trademark infringement as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

54. Paragraphs 1 through 53 are realleged and incorporated herein by reference.

55. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

56. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

57. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## SIXTH CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

58. Paragraphs 1 through 57 are realleged and incorporated herein by reference.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 13 of 18 PageID: 13

*GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.*
*Complaint and Demand for Jury Trial*                              *Electronically filed via ECF*

59. Defendants have knowingly received numerous telephone calls and inquiries pertaining to Plaintiff's business, seeking to work with Plaintiff with regard to obtaining insurance.

60. Plaintiff has a reasonable expectation of an economic advantage for any person seeking to do business with Plaintiff, and relies upon laws which prevent malicious and intentional actions by a competitor attempting to confuse such would-be customers/clients into doing business with them rather than Plaintiff.

61. Defendants have knowingly and intentionally misled consumers into falsely believing Defendants are affiliated with Plaintiff, and that their separate businesses are one entity.

62. The Defendants' collective actions were committed with malice, willfulness and the intent to interfere with Plaintiff's expectation to do business with persons seeking to do business with Plaintiff, without reasonable and lawful justification or excuse.

63. But for the Defendants' collective actions, Plaintiff had more than a reasonable expectation that every prospective consumer who showed interest in seeking bond services or related services from Plaintiff would have paid Plaintiff for such services.

64. The Defendants' collective actions transgress generally accepted standards of common morality and law.

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 14 of 18 PageID: 14

GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.
Complaint and Demand for Jury Trial                                    Electronically filed via ECF

65. The Defendants will, if not preliminary and permanently enjoined by the Court, continue to tortuously interfere with Plaintiff's prospective economic advantage, and causing Plaintiff immediate and irreparable harm, damage and injury.

66. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against each of the defendants as follows:

1. A permanent injunction restraining Defendants, their respective officers, agents, servants, employees, attorneys, and those in active concert or participation with them, or any of them who receive actual notice of the order by personal service or otherwise, from:

   A. From using Plaintiff's Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive including but not limited to GARY AUTO INSURANCE;

   B. From using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 15 of 18 PageID: 15

*GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.*
*Complaint and Demand for Jury Trial*                                    *Electronically filed via ECF*

    C. From displaying any materials using the term GARY or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's Mark in or on any property, real or otherwise, including but not limited to their offices in New Jersey;

    D. Take all steps necessary to remove the name GARY or any other name, mark or symbol, likely to cause confusion with GARY, from any brochures, advertisements, or any other materials printed or to be printed or distributed (including internet distribution); and

    E. Transfer the domain name "gary.insurancestep.com", as well as any others that may be discovered to be similarly infringing, to Plaintiff.

2. Damages to be paid to Plaintiff by Defendants as follows:

    A. actual damages sustained as a result of Defendants' wrongful actions;

    B. Defendants' profits made as a result of Defendants' wrongful actions;

    C. Exemplary and/or Treble damages;

    D. interest, attorney's fees and costs associated herewith;

    E. an award of prejudgment and post-judgment interest and costs of suit;

    F. an award of punitive damages in an amount to be determined by the Court, but not less than $1,000,000.00, for Defendant's deliberate and willful acts;

    G. an award of actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action; and

Case 2:14-cv-01734-SDW-MCA   Document 1   Filed 03/19/14   Page 16 of 18 PageID: 16

*GARY'S AUTO INSURANCE AGENCY, LLC. v. INSURANCESTEP.COM, et al.*
*Complaint and Demand for Jury Trial*                                          *Electronically filed via ECF*

H. an award of any such other and further relief as this Court deems just and equitable.

Respectfully submitted,

By:/s/   Jon Fallon                /

**JON FALLON, ESQ.  (JF2851)**
**MANDELBAUM SALSBURG P.C.**
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

By: /s/   Jon Fallon                /

**JON FALLON, ESQ. (JF2851)**
**MANDELBAUM SALSBURG P.C.**
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1

The undersigned hereby certifies, pursuant to Local Civil Rule 7.1, that with respect to the matter in controversy herein, Plaintiff does not have any parent corporation, nor have any publicly held corporation owning 10% or more of its stock.

Respectfully submitted,

By: /s/   Jon Fallon                    /

JON FALLON, ESQ.  (JF2851)
MANDELBAUM SALSBURG P.C.
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)